TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00364-CV







In re Stephanie Nacole Sherburne







ORIGINAL PROCEEDING FROM BELL COUNTY





M E M O R A N D U M O P I N I O N




 Relator Stephanie Nacole Sherburne files her petition for writ of mandamus,
complaining that the district court in Bell County should have dismissed the child custody suit filed
by real party in interest Todd Hanke. We will grant Sherburne's petition.

 Sherburne and Hanke, who have never been married, have a child together, born in
Oklahoma in October 2001. At the time Sherburne became pregnant, Hanke and Sherburne lived
in Texas, but they moved to Oklahoma during her pregnancy. Sherburne's mother and stepfather
also live in Oklahoma. After the child's birth, Sherburne, Hanke, and the child lived together in
Oklahoma for about eleven months. Hanke then moved back to Texas on September 9, 2002. After
Hanke's move, the child alternated living with his parents in Texas and Oklahoma. On December
16, 2002, just over three months after he moved to Texas, Hanke filed his child custody petition in
Bell County, asserting that the child's current residence was Texas. In his affidavit filed pursuant
to the Uniform Child Custody Jurisdiction Enforcement Act (the "UCCJEA"), Hanke stated that he
was unaware of any pending custody proceedings, but that Sherburne's mother had "threatened to
file some sort of action" in Oklahoma "seeking some form of custodial rights in" the child.

 On December 30, 2002, the parties filed "agreed temporary orders," in which they
acknowledged that Sherburne's mother had filed "some action with regard to the child" in
Oklahoma. Sherburne reserved the right to object to jurisdiction under the UCCJEA, and the parties
agreed that the jurisdictional questions should be submitted to the presiding judges as soon as
possible. Thereafter, Sherburne moved to dismiss Hanke's suit, stating that a district court in
Oklahoma had "current custody/guardianship orders in place regarding the child the subject of this
suit," and reciting the cause number and style of the case. Sherburne asked the trial court to contact
and confer with the judge presiding over the Oklahoma proceeding. In her UCCJEA affidavit,
Sherburne states that she and the child lived in Oklahoma from the date of his birth through the
present, and that since November 2002 they had lived with her mother and stepfather. After two
hearings on the matter, the district court denied her motion to dismiss on May 21, 2003. Sherburne
then filed her petition for writ of mandamus. We will grant Sherburne's petition.

 Chapter 152 of the family code is Texas's codification of the UCCJEA. See Tex.
Fam. Code Ann. §§ 152.001-.317 (West 2002). Oklahoma has codified the same act. See Okla.
Stat. tit. 43, §§ 551-101 to 551-402 (2002). Texas courts only have jurisdiction to make an initial
custody determination if: (1) Texas is the child's home state on the date the proceeding is filed or
was the child's home state within six months before the proceeding was filed and the child is absent
from Texas but a parent continues to live here; and (2) no other state has jurisdiction or the child's
home state has declined to exercise jurisdiction because Texas is a more appropriate forum. Tex.
Fam. Code Ann. § 152.201(a); see Okla. Stat. tit. 43, § 551-201 (same provision). Section
152.201(a) is the "exclusive jurisdictional basis" for child custody proceedings in Texas. (1) Tex. Fam.
Code Ann. § 152.201(b); see Okla. Stat. tit. 43, § 551-201. "Home state" is the state where a child
older than six months' old lived with a parent for "at least six consecutive months immediately
before the commencement of a child custody proceeding." Tex. Fam. Code Ann. § 152.102(7); see
Okla. Stat. tit. 43, § 551-102. Notwithstanding the above provisions, under section 152.204(a),
Texas may exercise temporary emergency jurisdiction if the child is in Texas and the child has been
abandoned or is threatened with mistreatment or abuse. Tex. Fam. Code Ann. § 152.204(a). Under
those emergency conditions, if there has been no previous custody determination and a custody
proceeding has not been filed in a state with jurisdiction, an order entered pursuant to section
152.204(a) remains in effect until a court with jurisdiction under sections 152.201 through 152.203
acts or Texas becomes the child's home state. Id. § 152.204(b).

 Hanke attempts to argue that the Bell County court has temporary emergency
jurisdiction under section 152.204(b). However, Hanke's pleadings and affidavits make no reference
to circumstances that would give rise to such temporary emergency jurisdiction; he does not allege
that the child has been abandoned or is at risk of being abused or mistreated. (2) Therefore, Bell
County cannot assert jurisdiction under section 152.204.

 Nor can Texas assert jurisdiction under section 152.201. The child is older than six
months, and lived for his first eleven months of life in Oklahoma. Before Hanke moved, the child
lived in Oklahoma with both parents. Hanke moved to Texas only three months before filing his
petition in Bell County, and the child then shared a residence with each parent, moving between
Oklahoma and Texas during those three months; the record does not indicate an intent by Sherburne
to change the child's permanent residence from Oklahoma to Texas. At the time Hanke filed his
suit, the child had only spent some portion of three months in Texas, spending the remainder of those
three months and the preceding eleven months of his life in Oklahoma. There is no indication that
Oklahoma has declined to exercise jurisdiction over the child (indeed, Oklahoma apparently is
presiding over some kind of child custody or guardianship proceeding). The child had not lived in
Texas for the requisite six months that would give Texas jurisdiction under section 152.201(a). On
these pleadings and allegations, Oklahoma is clearly the child's home state under the UCCJEA. See
id. § 152.102(7), .201(a). The Bell County court, therefore, is without jurisdiction over this child
under sections 152.201 through 152.204 and should have dismissed the suit. We conditionally grant
the writ of mandamus with instructions for the Bell County District Court to dismiss the suit for want
of jurisdiction. The writ will issue only in the unlikely event that the district court does not act in
a manner consistent with this opinion.


 

 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Filed: July 23, 2003

1. Section 152.203 governs when Texas may modify a custody determination made by another
state. See Tex. Fam. Code Ann. § 152.203 (West 2002). To do so, Texas must have jurisdiction
under section 152.201(a). Id. Section 152.202 governs Texas's continuing exclusive jurisdiction
over a custody determination made pursuant to section 152.203. Id. § 152.202 (West 2002).
2. In his affidavit, Hanke says that Sherburne's mother and stepfather "threatened" to institute
a custody or guardianship proceeding in Oklahoma. However, that "threat" is not one of the dangers
that would give rise to temporary emergency jurisdiction under section 152.204. See Tex. Fam.
Code Ann. § 152.204(a) (West 2002). A court may only exercise temporary emergency jurisdiction
under section 152.204 if the child has been abandoned or threatened with abuse or other
mistreatment. Id. Without such showing and when this is not the child's home state, a Texas court
may not exercise jurisdiction and enter temporary emergency orders that would remain in effect until
superceded by a court with proper jurisdiction or until Texas becomes the child's home state. Id.
§ 152.204(b).